MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
150 Broadway, Suite 808
New York, NY 10038
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDWARD GARDNER & MARY JO CERATT<br>On behalf of themselves<br>and all others similarly situated,<br><br>         Plaintiffs,<br>v.<br><br>KMART CORPORATION OF ILLINOIS, INC., KMART MANAGEMENT CORPORATION, KMART HOLDING CORPORATION & SEARS HOLDINGS MANAGEMENT CORPORATION.<br><br>         Defendants. | **CLASS ACTION COMPLAINT**<br><br>Case No. 5:11-CV-1441 (TJM/ATB)<br><br>**ECF Case** |

  Plaintiffs, Edward Gardner and Mary Jo Ceratt ("Plaintiffs") state the following on behalf of Plaintiffs and all those similarly situated (collectively "Plaintiffs"), by way of Class Action Complaint against Defendants, KMart Corporation of Illinois, Inc., KMart Management Corporation, KMart Holding Corporation & SEARS Holdings Management Corporation ("Defendant" or "KMart"), for violations of the New York Labor Law, Article 19 §§ 650 *et seq*, Article 19 § 661 and the supporting New York State Department of Labor Regulations, 12 NYCRR 142 ("NYLL").  In support thereof, Plaintiffs state and allege as follows:

  **I.  PRELIMINARY STATEMENT**

1. The Defendants require, suffer and/or permit non-exempt Loss Prevention Managers ("LPMs") to work in excess of forty (40) hours per week at its locations throughout the State

1

of New York, but refuse to pay the full straight time and overtime premiums due and owing to such employees for those hours worked in excess of forty hours in a workweek.

2. Defendants' conduct is in violation of the New York Labor Law ("NYLL"), which requires non-exempt employees to be compensated for their wages and overtime work. *See* NYLL Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

3. Plaintiffs are non-exempt current and former Loss Prevention Managers who have been denied regular and overtime pay as required by law and file this class action to recover unpaid wages and overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendants for the six year period preceding the filing of the above-captioned Complaint.

## II. JURISDICTION & VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a).

   a. Upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and

   b. The named plaintiffs in this action are citizens of New York and the Defendants are all subjects of foreign states.

5. This Court has jurisdiction over the subject matter of this action pursuant to the U.S. Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453 and 1711-1715.

   a. Plaintiffs bring their NYLL as a class action pursuant to Federal Rule of Civil Procedure 23;

   b. Upon information and belief, the amount in controversy exceeds $5,000,000

   exclusive of interest in cost; and

  c. Plaintiffs are citizens of a different state than at least one of the named defendants in this matter.

6. Venue is proper in the Northern District of New York because the named plaintiffs were employed within this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

7. Defendant maintains numerous retail locations throughout the State of New York. Among those locations are several that are or were located in Onondaga and Oswego Counties, New York during the relevant time period.

### III. THE PARTIES

8. Plaintiff Edward Gardner resides at XXXXXXXXXXXXX, Marcellus, NY 13108 and was employed by Defendants as a Loss Prevention Manager, working at its retail store location, 3469 Erie Blvd. East, DeWitt, NY within the Northern District of New York.

9. Plaintiff Mary Jo Ceratt resides at XXXXXXXXXXXXX, Jordan, New York, 13080 and was employed by Defendants as a Loss Prevention Manager, working at its retail store locations, 2803 Brewerton Road, Mattydale, NY and 2078 State Route 481, Fulton, NY, within the Northern District of New York.

10. Other persons, similarly situated to the above Plaintiffs, are/were non-exempt employees of Defendants working at Defendants locations throughout New York during the six years preceding the filing of this Complaint.

11. Plaintiffs were all employed by Defendants within the meaning of the NYLL within the six (6) year period preceding the filing of this Complaint.

12. Defendant, KMart Corporation of Illinois, Inc. is an Illinois Corporation doing business in

New York with an Illinois business address at 3333 Beverly Rd., Hoffman Estates, Illinois 60179-0001 and may be served with process by serving its registered agent, CT Corporation System, 208 So. LaSalle Street, Suite 814, Chicago, Illinois 60604.

13. Defendant, KMart Management Corporation is a Michigan Corporation doing business in New York with a Principal Executive Office located at 3000 W. 14 Mile Rd., Royal Oak, MI 48073-1717 and may be served with process by serving its registered agent, The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

14. Defendant KMart Holding Corporation is a Delaware Corporation doing business in New York with a Principal Executive Office located at 3333 Beverly Rd., Hoffman Estates, Illinois 60179-0001 and may be served with process by serving its registered agent, The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

15. SEARS Holdings Management Corporation is a Delaware Corporation doing business in New York with a Principal Executive Office located at 3333 Beverly Rd., Hoffman Estates, Illiniois 60179 and may be served with process by serving its registered agent CT Corporation System at 111 Eighth Ave., New York, New York 10011.

    **IV.    CLASS ALLEGATIONS**

16. At all relevant times, Defendants have been employers within the meaning of Article 19, §651 of the NYLL.

17. Defendants have failed to pay non-exempt employees, such as Plaintiffs and the Class Members, all straight time wages and overtime premiums for all hours worked in excess of forty (40) in a workweek.

18. Plaintiffs have actual knowledge that other similarly situated plaintiffs have also been denied

wages and/or overtime pay for time worked over forty (40) hours in a workweek. Plaintiffs believe these practices extended beyond the retail locations at which they worked and extended to all retail stores operated by the Defendants within the State of New York where Loss Prevention Managers and other persons with similar job duties and compensation structures as the Plaintiffs are employed.

19. The Plaintiffs and all those similarly situated perform or have performed the same or similar work in the performance of their job duties on behalf of Defendants as Loss Prevention Managers.

20. In addition, Plaintiffs and all those similarly situated regularly performed work in excess of forty (40) hours in a workweek for which they were not compensated with all straight time and overtime compensation due and owing. As such, the Plaintiffs and the Class Members are similar in terms of work similarities, pay structures and the denial of proper compensation.

21. Defendants' failure to pay all straight time and overtime compensation at the rates required by the NYLL results from generally applicable policies, practices and/or procedures and does not depend on the personal circumstances of the Plaintiffs.

22. Plaintiffs' experience is typical of the experience of the other similarly situated Plaintiffs.

23. The specific job titles or precise job responsibilities of each of the Plaintiffs do not prevent class treatment as these non-exempt employees are not paid in accordance with the NYLL. However, upon information and belief, Plaintiffs and the Class Members all held, within the six (6) year period preceding the filing of this Complaint, the job title of Loss Prevention Manager or another title with similar job duties and/or compensation structures.

24. All Plaintiffs, irrespective of their particular job requirements, are entitled to wages and

overtime compensation for all hours worked in excess of forty (40) hours in a workweek.

25. Although the issue of damages may be individual in character, there remains a common nucleus of operative facts regarding the determination of whether or not Defendants have liability with respect to the Plaintiffs and the Class Members.

26. As such, the group of similarly situated individuals is defined to encompass at least the following group of individuals employed within the six (6) years prior to the filing of this Complaint:

> All current and former employees of Defendant working in the positions including, but not limited to, Loss Prevention Managers and other non-exempt positions who were not paid straight time and overtime compensation in the amount of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek at any time during the six (6) years preceding the filing of this litigation.

27. Defendants' practice of failing to pay Plaintiffs and the Class Members for all hours worked at the applicable legal rates is a violation of the NYLL Article 19, §§650 *et seq.,* and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

28. Defendants have engaged in a pattern and/or practice of knowing, willful and reckless disregard of NYLL regulations (as alleged herein) in that Defendants have failed to pay Plaintiffs and the Class Members their legal wages and overtime compensation.

29. Defendants' failure to pay regular wages and overtime pay to Plaintiffs and the Class Members in accordance with NYLL regulations was neither reasonable, nor in good faith.

30. Plaintiffs and the Class Members are entitled to an amount equal to all their unpaid regular wages and overtime premiums. Plaintiffs and the Class Members are also entitled to an amount equal to all their unpaid regular wages and overtime premiums as well as liquidated

damages as per NYLL Article 6, §198. 1-a. Additionally, Plaintiffs and the Class Members are entitled to recover attorneys' fees and costs as required by the NYLL Article 6, §198. 1-a. Plaintiffs and the Class Members' damages exceed the minimum jurisdictional limits of the Court.

31. Plaintiffs' state law claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

32. The class satisfies the numerosity standards, as it is believed to number over fifty. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

33. There are questions of fact and law common to the class over any questions affecting individual members. The questions of law and fact common to the class arise from Defendants' actions including, without limitations, the following:

    a. Whether class members were properly classified as exempt employees pursuant to the NYLL and the accompanying Regulations.

    b. Whether the class members' job duties caused them to be exempt under state law.

    c. The number of hours worked by the class members during the six-year period preceding the filing of the above-captioned matter; and

    d. The amount of damages arising out of the alleged violations for Plaintiffs and the class members.

34. These aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness, and equity.

35. The claims of Plaintiffs are typical of those of the Class in that class members have been

employed in the same or similar positions as the Named Plaintiffs and were subject to the same or similar unlawful policies, practices and/or procedures as the Named Plaintiffs.

36. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

37. The Named Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class they seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representative and their undersigned counsel, have experience in employment and class action lawsuits.

38. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

### V. CAUSE OF ACTION

39. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

40. At all times relevant to this action, Plaintiffs were employees and Defendants have been an employer within the meaning of the NYLL.

41. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations

apply to Defendants.

42. Defendants have failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

43. By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL Article 19, §§650 *et seq.,* and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R Part 142.

44. Due to the Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

45. Unpaid wages and an additional and equal amount as liquidated damages in the amount of one hundred percent (100%) of actual damages pursuant to NYLL Article 6, §198.1-a and the supporting New York State Department of Labor Regulations;

46. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

47. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, §§650 *et seq.,* and the supporting New York State Department of Labor Regulations;

48. Unpaid overtime pay pursuant to NYLL Article 19, §§650 *et seq.,* and the supporting New

York State Department of Labor Regulations;

49. Pre-judgment interest and post-judgment interest, as provided by law;

50. An injunction requiring Defendants to pay all statutorily-required wages pursuant to NYLL;

51. Attorneys fees and costs; and

52. Such other relief as this Court shall deem just and proper.

Dated: December 9, 2011

                Respectfully submitted,

                /s/Michael J. Redenburg (NY#MR4662)
                Michael J. Redenburg, Esq. PC (Bar Roll#517233)
                150 Broadway, Suite 808
                New York, NY 10038
                1-212-240-9465 (Phone)
                1-917-591-1667 (Fax)
                mredenburg@mjrlaw-ny.com