U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV 24 2014
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

EDWARD GARDNER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KMART CORPORATION AND SEARS HOLDINGS CORPORATION,

Defendants.

Case No. 5:11-cv-01441-TJM-ATB

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE TO CLASS MEMBERS REGARDING PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT**

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of the Parties' Stipulation and Settlement Agreement (the "Preliminary Approval Motion"), and after review and consideration of the Stipulation and Settlement Agreement (the "Stipulation"), the papers in support of the Preliminary Approval Motion, and the arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the proposed Settlement of the state law claims in this action, as embodied in the terms of the Stipulation, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class (as defined in the Stipulation), in light of the factual, legal, practical, and procedural considerations raised by this case. Solely for the purpose of Settlement (as defined in the Stipulation), and pursuant to Rule 23, the Court hereby preliminarily certifies the following class:

1

All persons who were or are employed as a salaried, exempt Loss Prevention Manager in a Kmart store in New York at any time from December 9, 2005 through the Preliminary Approval Date (the "Class")

2. The Court orders that the Settlement Class is preliminarily certified for settlement purposes only. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class action certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class action is properly certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying the Settlement Class and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against the Defendant Releasees (as defined in the Stipulation) or in this litigation if the Settlement is not finally approved.

3. The Court finds that certification of the class described above, solely for purposes of Settlement, is appropriate in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) claims of the Class Representative (as defined in the Stipulation) are typical of the claims of the Settlement Class; (d) the Class Representative and Class Counsel (as defined in the Stipulation) have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court hereby preliminarily appoints Plaintiff Edward Gardner as Representative of the Rule 23 class, and finds that he meets the requirements of Rule 23(a)(4).

5. In accordance with Rules 23(a)(4) and (g), the Court approves the following attorneys as Class Counsel for the Settlement Class:

| | |
|---|---|
| Peter John Glennon | Michael Redenburg |
| The Glennon Law Firm, P.C. | Michael J. Redenburg, Esq., P.C. |
| 160 Linden Oaks | 150 Broadway, Suite 808 |
| Rochester, NY 14625 | New York, NY 10038 |
| Facsimile: | Facsimile: 917-591-1667 |

Matthew E. Osman
Osman & Smay LLP
8500 W. 110th St., Suite 330
Overland Park, KS 66210
Facsimile: 866-470-9243

6. The Court finds that the plan for Class Notice (as defined in the Stipulation) is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. That plan is approved and adopted. This Court further finds that the Class Notice complies with Rule 23(c)(2) and Rule 23(e), and is appropriate as part of the plan for issuing notice set forth in the Stipulation, and thus is approved and adopted.

7. The Court finds that Rust Consulting, Inc. is qualified to act as the Claims Administrator for this settlement.

8. The Court finds and orders that no other notice is necessary.

9. The Court orders that pending final determination as to whether the Settlement should be approved, the Class Representative and other Class Members, whether or not such persons have appeared in this action, shall not institute or prosecute any claims or actions against the Defendant Releasees that fall within the definition of the claims being released under the terms of the settlement agreement. Any other pending actions, including any pending class or collective actions brought pursuant to either Rule 23 of the Federal Rules of Civil Procedure or 29 U.S.C. § 216(b), by Class Members against the Defendant Releasees, whether in court, arbitration, or pending before any state or federal governmental administrative agency, are stayed on an interim basis as to any claims that fall within the definitions of the Released FLSA Claims and Released Non-FLSA Claims for the Class Period.

10. The Court preliminarily approves Class Counsel's request for $233,000.00 as attorneys' fees and reimbursement of reasonable costs subject to the filing of a motion for attorneys' fees and costs, to be further reviewed by the Court at the hearing on Final Approval.

11. To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events as set forth in the Stipulation, and directs the parties to incorporate the deadlines and dates in the Class Notice and required forms attached to the Stipulation as follows:

| DESCRIPTION | DEADLINE |
| --- | --- |
| Deadline for Defendants to provide to Claims Administrator a Database of all putative Class Members, including names, last known addresses, social security numbers, employee identification number, and the number of Weeks Worked for which the Class Member was paid as a Loss Prevention Manager. | Within 10 business days after the Preliminary Approval Order. See Stipulation ¶2.5.1. |
| Deadline for mailing of Class Notices by Claims Administrator | Within 15 business days after receipt of the Database of Class Members from Defendants. See Stipulation ¶2.5.2. |
| Deadline for Class Members to submit Opt-Out Request Form | Within 45 calendar days after the date of initial mailing of Class Notice. See Stipulation ¶2.5.5. |
| Deadline for Class Members to file written objections to the Settlement, if applicable | Within 45 calendar days after the date of initial mailing of Class Notice. See Stipulation ¶2.5.7. |
| Deadline for Class Members to submit Claim and Consent to Join Settlement forms, or (Notice Response Deadline) | Within 60 calendar days after the date of initial mailing of Class Notice. See Stipulation ¶2.5.4. |
| Deadline for Class Representatives to file Motion for Final Approval | Within 10 calendar days after the Notice Response Deadline. See Stipulation ¶2.6.1. |

| DESCRIPTION | DEADLINE |
| --- | --- |
| Deadline for Class Counsel to file motion for attorney's fees and costs. | Within 45 days from the date of mailing of the Class Notice. |
| Final Approval and Fairness Hearing | _____ (no earlier than 100 days from the date of Plaintiff's Preliminary Approval Motion) |

12. The fairness hearing and hearing for Final Approval set forth in the Class Notice is hereby scheduled for 3/09/15 at 10:00 (a.m.)/p.m. in Courtroom ____, [James T. Foley United States Courthouse, 445 Broadway, Albany, NY 12207 ~~OR District Courthouse, 15 Henry Street, Binghamton, NY 13901~~].

IT IS SO ORDERED.

DATED: 11/21/14

_____
Honorable Thomas J. McAvoy
Senior United States District Judge

5